UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ALLEN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-55-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY D. CHANDLER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Allen Jones is an inmate confined at the Eastern Kentucky Correctional Complex located in West Liberty, Kentucky.  Jones, proceeding without counsel, has filed a Complaint and an Amended Complaint in which he asserts various claims under 42 U.S.C. § 1983. [Record Nos. 1, 5]  Because Jones is a prisoner asserting claims against government officials, and because the Court has granted Jones permission to pay the filing fee in installments, the Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e).  These sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court must liberally construe pleadings filed by *pro se* litigants. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) ("*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)).  Even so, the Court is not precluded from finding the complaint to be deficient.  The complaint must "contain

-1-

either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements." *Wilson v. Lexington Fayette Urban Cnty. Gov't*, No. 07-CV-95-KSF, 2007 WL 1136743, at *1 (E.D. Ky. Apr. 16, 2007) (citing *Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)).  In other words, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On August 29, 2011, Jones filed a civil rights complaint using EDKy Form 520, a pre-printed, Court-approved form complaint consisting of eight pages.  [Record No. 1]  Jones completed and filed only the first five pages of the eight-page complaint.  In this five-page filing, Jones alleges that pursuant to Defendant "Airmark's"[1] contract with the Kentucky Department of Corrections, Aramark paid state inmates less than the minimum wage in violation of federal and state law.  Jones asks the Court "to send the I.R.S. in here to go thro[ugh] the[ir] pap[]er w[ork]." [*Id.*, p. 2-3]  Jones also alleges that the food served to state prisoners lacks the proper amount of calories per day.  [*Id.*, p. 3]

On September 15, 2011, the Court provided Jones with a new complaint form and gave him twenty days to complete all eight pages, sign the last page, and file it.  [Record No. 4]  Jones filed his amended complaint on September 29, 2011.  Jones's amended complaint does not mention either the wage or food claims included in the original complaint.  Instead, he  asserts a new claim: that while confined in the Kentucky State Reformatory in 2006, he was exposed

---

1       The Court assumes that Jones is referring to Aramark Correctional Services, which serves as a food and commissary vendor at various prisons in Kentucky.

to toxic paint odors and suffered medical complications as a result of the exposure.[2]  [Record No. 5, p. 2-3]  Jones also lists two new defendants: former Kentucky State Reformatory Warden Al Parks and former governor Ernie Fletcher.  [*Id.*, p. 2]

As an initial matter, the Court notes that Jones's claim that Aramark failed to pay him proper wages for his labor as an inmate fails because prisoners are not "employees" covered by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 *et seq.*, and, therefore, are not entitled to a minimum wage for prison work.  *Abdullah v. Myers*, 52 F.3d 324 (6th Cir. 1995) (unpublished table decision);  *Harker v. State Use Indus.*, 990 F.2d 131, 133 (4th Cir. 1993).  Because inmates perform work "not to turn profits for their supposed employer, but rather as a means of rehabilitation and job training," the FLSA does not apply.  *Harker*, 990 F.2d at 133.  In short, Jones was not entitled to earn the minimum wage for his work in prison.

This claim also fails because the relief requested may not be granted by this Court.  Jones requests that the Court direct the Internal Revenue Service to investigate Defendant Aramark's wage and labor practices.  This is essentially a request for a criminal prosecution of Aramark.  However, Jones does not have standing to seek a criminal prosecution of another person or entity.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  The decision regarding whether to prosecute a criminal matter rests exclusively with state and federal prosecutors.  *See United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Bordenkircher v. Hayes*,

---

2       Even though Jones did not restate the claims from his original complaint in his amended complaint, the Court will assume that he did not intend to abandon them.

434 U.S. 357, 364 (1978).  Therefore, Jones's claim that he was not properly compensated by Aramark will be dismissed.

Jones's next claim that the food served to inmates lacks sufficient caloric content will be dismissed because the information he has provided is too vague to state a claim.  A plaintiff must provide sufficient indication of the grounds entitling him to relief.  *Twombly*, 550 U.S. at 564.  And "[t]he duty to be less stringent with a pro se Complaint does not require a district court to conjure up unpled allegations or to create a claim for a pro se plaintiff."  *Fayne v. Smith*, No. 3:11 CV 2115, 2012 WL 589529, at *3 (N. D. Ohio Feb. 22, 2012) (citing *Twombly*, 550 U.S. at 564).  Here, the facts pleaded in the complaint are sparse and insufficient to create a plausible claim under any viable legal theory.  Because Jones has named as defendants the wardens and former wardens of the Kentucky State Reformatory, Kentucky State Penitentiary, and the Green River Correctional Complex, it is unclear whether he is making this claim with respect to his current place of incarceration or with respect to prisons where has previously been confined.  Additionally, Jones does not identify the damages or injunctive relief he seeks with respect to this claim.  Thus, his claim also fails under Rule 8(a)(3) of the Federal Rule of Civil Procedure, which provides that a claim for relief must contain a "demand for the relief sought." Fed. R. Civ. P. 8(a)(3).

Jones also alleges that he was exposed to toxic paint fumes in 2006 while confined in the Kentucky State Reformatory.  This claim will be dismissed under the doctrine of claim preclusion, or res judicata.  Where there has been a prior decision on the merits of a claim raised in another proceeding, the parties are bound by that decision.  *Schreiber v. Philips Display*

*Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009).  Jones raised a claim based on these facts in another action filed on October 7, 2011.  *Jones v. Airmark Food Serv.*, No. 0: 11-cv-111-HRW (E.D. Ky. Nov. 15, 2011).  Senior United States Judge Henry R. Wilhoit, Jr., dismissed the claim because it was barred by section 413.140(1)(a) of the Kentucky Revised Statutes, which establishes a one-year statute of limitations on civil rights actions arising out of conduct that occurred in Kentucky.  Jones is bound by this prior ruling and he may not relitigate that claim here. *See Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).  Moreover, the Court notes that even if the doctrine claim preclusion did not apply, the claim would be barred under the applicable one-year statute of limitations because it has been at least six years since Jones's alleged exposure to toxic paint fumes.

Finally, Jones claims that the defendants retaliated against him for filing a lawsuit based on his exposure to the paint fumes.  The amended complaint contains the following language: "when we filed a lawsuit[] again[st] them, they retaliated again[st] us by shipping us[] after locking us[] in the hole and taking good time."  [Record No. 5, p. 2]  Thus, it appears that Jones asserts a claim for retaliation in response to his exercise of his First Amendment right to petition the government for a redress of grievances.[3]  Jones seeks punitive damages, and asks the Court to "give them time in prison."[4]  [*Id.*, p. 8]  With regard to the latter request, as explained above,

---

3      The Amended Complaint does not appear to assert a claim for general retaliation.  However, even if it did, Jones has failed to state a claim under that theory.  General retaliation claims are based on the Fourteenth Amendment's Due Process Clause.  As such, the plaintiff must establish either an "egregious abuse of governmental power" or retaliatory conduct that "shock[s] the conscience" to state a claim under this theory. *Thaddeus-X v. Blatter*, 175 F.3d 378, 377 (6th Cir. 1999) (internal quotation marks omitted).  Neither ground is implicated by the official conduct alleged by Jones.

4      Jones also requests that he be sent to a medical facility for treatment.  However, that request for relief is seemingly related to his medical neglect claim that is barred for the reasons explained above.

Jones does not have standing to seek a criminal prosecution of the defendants. *Linda R.S.*, 410 U.S. at 619. With respect to his demand for punitive damages, his claim against the defendants in their official capacity fails because they are immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Eleventh Amendment to the United States Constitution "bars suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). The defendants to this action are all current or former state officials. Therefore, to the extent that Jones brings his retaliation claim against the defendants in their official capacities, the claim must be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).

Jones's claim against the defendants in their personal capacities also fail. To state a claim for retaliation, a plaintiff must establish that: (1) he engaged in protected conduct; (2) the defendant or defendants took an adverse action against him that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the "adverse action was motivated at least in part by the plaintiff's protected conduct." *Clark v. Corr. Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004). Here, Jones has alleged sufficient facts to establish the second element. He has sufficiently alleged adverse action by asserting that he was transferred between prisons and placed in "the hole" — *i.e.*, administrative segregation. *See Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010) (explaining that administrative segregation constitutes an adverse action and that a transfer can be adverse if it "would result in foreseeable, negative consequences to the particular prisoner"). However, Jones has not identified which defendants allegedly engaged in the alleged retaliatory acts, nor has he stated any facts in support of his conclusion that the

-6-

actions were in fact motivated by his filing the action *Jones v. Airmark Food Services*. Because he has failed to allege facts that support an inference of retaliatory motivation behind his administrative segregation or his transfer between prisons, Jones has failed to state a claim upon which relief can be granted. *See Cantley v. Armstrong*, 391 F. App'x 505, 507 (6th Cir. 2010) (affirming district court's conclusion that prisoner's complaint was insufficient to demonstrate a causal relationship between protected activity and adverse action because "'bare allegations of malice on the defendants' parts are not enough to establish retaliation claims' that will survive § 1915A screening" (quoting *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001)).

Furthermore, the retaliation claim fails because the complaint in the underlying action is frivolous. While a prisoner has "an undisputed First Amendment right to file grievances against prison officials on his own behalf," that right is protected "only if the grievances are not frivolous." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a claim that is barred by the relevant statute of limitations is frivolous because it lacks any basis in law. *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001) (citing *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)). Jones's claim for exposure to paint fumes in *Jones v. Airmark Food Service* was dismissed as barred by the statute of limitations. Therefore, Jones has failed to establish that he engaged in protected conduct. Because his claim in the underlying action was frivolous, Jones cannot now allege retaliation by prison officials for pursuing that claim.

For the reasons set forth above, the Court will dismiss Jones's Complaint and Amended Complaint with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e), 1915A. Accordingly, it is hereby

**ORDERED** as follows:

(1)     The Clerk of the Court shall list Al Parks and Ernie Fletcher as additional defendants to this proceeding.

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's docket. The claims asserted in this action by Plaintiff Allen Jones based upon allegations that: (1) he was paid less than the minimum wage ; (2) he was exposed to toxic paint odors and suffered medical complications as a result of this alleged exposure; (3) he was retaliated against in response to the exercise of First Amendment rights, and (4) the Internal Revenue Service or any other entity should be compelled to investigate or take criminal action against any defendant to this proceeding, are **DISMISSED**, with prejudice. Additionally, Jones's claims for punitive damages as well as his claims for monetary damages and/or injunctive relief against the defendants in their official and individual capacities are **DISMISSED**, with prejudice. Jones's claim that food served to inmates lacks sufficient caloric content is **DISMISSED**, without prejudice.

This 6th day of June, 2012.



Signed By:

*Danny C. Reeves* DCR

United States District Judge